## SPENCER v. PESCOR et al.

### No. 13553.

Circuit Court of Appeals, Eighth Circuit.

Nov. 5, 1947.

Otis Spencer, pro. per.

Sam M. Wear, U. S. Atty., of Springfield, Mo., and Earl A. Grimes, Asst. U. S. Atty., of Kansas City, Mo., for appellees.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal taken by Otis Spencer to reverse a judgment which dismissed his petition to be released from the custody of the warden of the United States Medical Center at Springfield, Missouri, by writ of habeas corpus and remanded him to the warden's custody. The record shows that in response to his petition for habeas corpus filed in the District Court in Missouri, the warden made return and showing of the indictment which was brought against the petitioner in Minnesota, the proceedings under which he was arrested in Iowa and extradited to Minnesota for trial in Minnesota, the jury trial which was there accorded him under the indictment, his conviction by the jury and the sentence of fine and imprisonment imposed by the court. A part of the term of imprisonment having been served by him in the penitentiary at Leavenworth, the showing included the proceedings under which he was removed on findings of insanity or unsound mind to the Medical Center, to be there kept until restored to health or sanity or until the sentence shall have been served. The District Court accorded the petitioner a trial upon the petition for habeas corpus at Springfield, at which the petitioner was present and was represented by counsel, and as shown by the record here, the court duly considered the petition and the evidence presented. It made findings of the facts and concluded "that the conviction of the petitioner was legally made, that the petitioner has not been denied any of his constitutional rights and that the indictment was sufficient in form and substance" and it entered dismissal of the petition for the writ accordingly.

As to the contention made by the petitioner that the judgment entry and order of commitment was void because his name does not appear in the body of the order, the court found "that the judgment entry and order of commitment named the petitioner in the caption thereof and that petitioner is the only person named in the caption of said order." The caption was. "United States District Court, First Divi-

sion, District of Minnesota. The United States of America v. Otis Spencer."

Our examination of the record brought up on the appeal has satisfied us that the findings and conclusion of the District Court were in all respects right and proper and in accordance with the evidence and the law, and we do not discover either in any assignment of error or contention made by appellant, or from our own study of the record, any question of law justifying discussion or declaration by this court. The appeal is without merit.

Judgment affirmed.